UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
CHAIM DOV PRZEWOZMAN, HADASSAH
PRZEWOZMAN, individually, as the personal
representative of the Estate of Pinches Menachem
Przewozman, and as parent and natural guardian of Y.P.,
a minor, and P.P., a minor, CHAYA RACHEL
PRZEWOZMAN, individually, and as parent and natural
guardian of A.M.P., a minor, and F.P., a minor,
SARA PRZEWOZMAN-ROZENBAUM, YAFA
PRZEWOZMAN, and TZVI YOSEF PRZEWOZMAN,

                Plaintiffs,

      -against-

QATAR CHARITY, QATAR NATIONAL BANK and
MASRAF AL RAYAN,

                Defendants.
------------------------------------------------------------------ X

Case No. 20-6088-NGG-RLM

**DECLARATION OF JOSHUA K. PERLES IN SUPPORT OF
PLAINTIFFS' *EX PARTE* MOTION FOR ISSUANCE OF LETTERS ROGATORY**

    Joshua K. Perles declares under penalties of perjury pursuant to 28 U.S.C. § 1746 as follows:

    1.    I am an attorney duly licensed to practice law in the District of Columbia and a member of the Perles Law Firm, P.C., 1050 Connecticut Ave, NW Suite 500, Washington, DC 20036, which is co-counsel to the Plaintiffs in this action.  I make this declaration in support of Plaintiffs' *Ex Parte* Motion for Issuance of Letters Rogatory for the purpose of effectuating service upon Defendants Qatar Charity, Qatar National Bank, and Masraf Al Rayan in the State of Qatar.

    2.    Annexed hereto as **Exhibit 1** is a true and correct copy of the Complaint filed in this action on December 15, 2020.

    3.    Annexed hereto as **Exhibit 2** are true and correct copies of the Summonses directed to Defendants Qatar Charity, Qatar National Bank, and Masraf Al Rayan issued by the

Clerk of this Court on December 15, 2020.

4. Annexed hereto as **Exhibit 3** is a proposed Request for International Judicial Assistance directed to the Appropriate Judicial Authority of the State of Qatar seeking assistance in effecting service of the Summons and Complaint on Qatar Charity. According to the official website of Qatar Charity at https://www.qcharity.org/en/global/home/ governanceinternational, (visited on September 11, 2020) "Qatar Charity is a non-governmental organization registered with the Regulatory Authority of Charitable Activities in the State of Qatar," with its head office in Doha, Qatar.

5. Annexed hereto as **Exhibit 4** is a proposed Request for International Judicial Assistance directed to the Appropriate Judicial Authority of the State of Qatar seeking assistance in effecting service of the Summons and Complaint on Qatar National Bank a/k/a QNB. According to the official website of Qatar National Bank at https://www.qnb.com/sites/qnb/qnbglobal/page/en/enqnbprofile.html (visited on September 11, 2020) Qatar National Bank is the largest bank in the Middle East and Africa region and is 50% publicly owned and 50% owned by the Qatar Investment Authority. According to its official website at https://www.qia.qa/About/QIAGlance.aspx (visited on September 11, 2020), the Qatar Investment Authority is the sovereign wealth fund of the State of Qatar.

6. Annexed hereto as **Exhibit 5** is a proposed Request for International Judicial Assistance directed to the Appropriate Judicial Authority of the State of Qatar seeking assistance in effecting service of the Summons and Complaint on Masfar Al Rayan. According to its official website at https://www.alrayan.com/english/faq, (visited on September 11, 2020), Masraf Al Rayan was incorporated in 2006 under Clause 68 of the Qatar Commercial Company Law 5 of 2002 and is licensed by Qatar Central Bank.

7. Counsel for Plaintiffs have retained Ancillary Legal Corporation ("ALC") to help facilitate service of process on Defendants in Qatar. ALC advised me that if we intend to enforce a judgment resulting from this matter in Qatar, Qatari courts would inquire as to the manner in which process was served, and that the method of service most likely to be accepted is service by letters rogatory. ALC has advised that service by letters rogatory could take six to twelve months, with the caveat that they could not predict the time period with certainty because it depends on Qatar's ability to timely process the letters.

8. ALC has advised that any letters rogatory issued by this Court, and the documents to be served thereunder, which ALC will transmit to the United States Department of State for service through diplomatic channels, should bear the judge's signature and the Court's stamp.

9. Annexed hereto as **Exhibit 6** is a copy of the United States Department of State's publication "Preparation of Letters Rogatory" which was retrieved from the official website of the United States Department of State at https://travel.state.gov/content/travel/en/legal/travel-legal-considerations/internl-judicial-asst/obtaining-evidence/Preparation-Letters-Rogatory.html on December 28, 2020.

10. There has been no prior request for the relief requested herein.

I declare under penalties of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed in Washington, D.C. on January 4, 2021.

                                                                            _____
                                                                            Joshua K. Perles