# FLEISCHMAN BONNER & ROCCO LLP
## ATTORNEYS AT LAW

81 Main Street • Suite 515 • White Plains • New York • 10601
Tel: 908-516-2066 • Fax: 908-516-2049 • Web: WWW.FBRLLP.COM

Email: JBonner@fbrllp.com

November 28, 2021

**VIA ECF**

Mr. Donald C. Palmer
Clerk of Court
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

**Re:** ***Przewozman, et al. v. Qatar Charity, Qatar National Bank and Masraf al Rayan*, 1:20-cv-06088-NGG-RLM**
***Henkin, et al. v. Qatar Charity, Qatar National Bank and Masraf al Rayan*, 1:21-cv-05716-AMD-VMS**

Dear Mr. Palmer:

I am co-counsel for the Plaintiffs in the two above-referenced pending actions, and also in *Force, et al. v. Qatar Charity, Qatar National Bank and Masraf al Rayan*, 1:20-cv-02578-BMC. Plaintiffs respectfully submit this application, pursuant to Guidelines 50.3.1(a) and (d) of the Eastern District of New York Guidelines for the Division of Business Among District Judges, for a judicial determination that these three actions are related, and for reassignment of the *Przewozman* and *Henkin* actions to the Hon. Brian M. Cogan pursuant to Guideline 50.3.1(e).  Judge Cogan has scheduled an Initial Status Conference in the first-filed *Force* action for February 9, 2022.  Under Guideline 50.3.1(a), "[a] civil case is 'related' to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge."

The Court should reassign the *Przewozman* and *Henkin* actions to Judge Cogan because these cases easily satisfy Guideline 50.3.1(a), and reassignment will produce a substantial saving of judicial resources.  All three actions are brought by victims of terrorism against the same three Defendants—Qatar Charity, Qatar National Bank ("QNB"), and Masraf al Rayan Bank ("MAR")—and assert the same four causes of action under the Anti-Terrorism Act, 18 U.S.C. § 2331, *et seq*. ("ATA").  The claims in the three cases arise out of the same illicit conduct by the Defendants.  Specifically, the Plaintiffs allege that MAR, QNB and Qatar Charity provided material support to the U.S. government-designated Foreign Terrorist Organizations ("FTOs") Hamas (all three cases) and Palestinian Islamic Jihad ("PIJ") (*Force* and *Przewozman*).  The two FTOs conducted terrorist attacks in Israel and the Palestinian Territories that: (a) killed the family members of certain Plaintiffs; and (b) injured all Plaintiffs.  Plaintiffs allege that the material support that Defendants provided to Hamas and PIJ constitutes a proximate cause of Plaintiffs' injuries.  In the *Force* action, Judge Cogan will adjudicate the claims of Plaintiffs whose injuries are traceable to 14 separate terrorist attacks.  The *Przewozman* action involves one additional attack, and the *Henkin* action involves two others.

Donald C. Palmer
November 28, 2021
Page 2

      As a result, these cases will require largely overlapping discovery and expert and fact testimony at trial.  In support of the claims at issue in all three cases, Plaintiffs will offer duplicative testimony concerning, among other topics: (a) the operations of Hamas and PIJ; (b) their reliance upon financial institutions for the resources necessary to conduct their terrorist attacks; (c) the role of the Qatari Royal Family in funding Hamas and PIJ; and (d) the roles that the Defendants played in funneling financial support to Hamas and PIJ.  Proceeding with these three actions separately would therefore waste judicial resources and be inefficient for the parties.  Plaintiffs filed separate actions only because the Plaintiffs retained counsel to pursue their claims at different times.  Otherwise, all Plaintiffs could have asserted their claims in the same pleading.

      The three cases also present almost entirely overlapping legal issues related to, among other things, personal jurisdiction over the Defendants, the scope of primary liability under the ATA, Plaintiffs' aiding-and-abetting claim under the ATA's Justice Against Sponsors of Terrorism amendment (18 U.S.C. § 2333(d)); and the ATA's causation requirements.  At trial, the three actions would also present identical issues related to the admissibility of various evidence.

      This application is timely inasmuch as service of summonses and complaints in all three actions was effectuated on Defendants QNB and MAR pursuant to Fed. R. Civ. P. 4(f)(2)(C)(ii) and 4(h)(2) on November 8, 2021.  Service by mail was effectuated on Defendant, Qatar Charity in the *Force* and *Henkin* actions on November 25, 2021, but has not yet been effectuated in the *Przewozman* action.

      On November 26, 2021, Plaintiffs' counsel met and conferred with counsel for all three Defendants concerning our intention to make this application.  Counsel for QNB and MAR have indicated that they take no position regarding the application and intend to file a letter to that effect in response to this letter.  Counsel for Qatar Charity purports to reserve its client's rights with respect to the position it will take in connection with this application.

      Plaintiffs' counsel has consented to extend to January 31, 2022 the deadline for all three Defendants to move to dismiss all three actions.  For the reasons discussed above, separate briefing in the three matters would waste judicial resources and be inefficient for the parties.

      Plaintiffs therefore respectfully request the reassignment of the *Przewozman* and *Henkin* actions to Judge Cogan, as related to the *Force* action.

                            Respectfully submitted,

                              /s/ James P. Bonner

CC:  All counsel of record (via ECF)