December 6, 2021

**BY ECF**

Mr. Donald C. Palmer
Clerk of Court
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:  *Force, et al. v. Qatar Charity, et al.*, 20-cv-02578-BMC
  *Przewozman, et al. v. Qatar Charity, et al.*, 20-cv-06088-NGG-RLM
  *Henkin, et al. v. Qatar Charity, et al.*, 21-cv-05716-AMD-VMS

Dear Mr. Palmer:

Counsel for Masraf Al Rayan, Qatar Charity, and Qatar National Bank Q.P.S.C. ("Defendants") write in response to Plaintiffs' letter dated November 28, 2021 ("Letter") requesting a judicial determination that all three of the above-referenced actions ("Actions") are "related" within the meaning of the Guidelines for the Division of Business Among District Judges, Eastern District of New York (the "Guidelines"), and, as such, should be reassigned to a single district court judge.

Before receiving the Letter, defense counsel met and conferred with Plaintiffs' counsel on November 26, 2021, and we understand their position. Defendants respectfully defer to the Court's determination of whether dispensing with the typical random assignment of matters and reassigning these cases to a particular district court judge is warranted and proper. Nonetheless, Defendants set forth the appropriate legal standard and some facts to assist the Court in evaluating Plaintiffs' request.

**Legal Standard**

The Guidelines provide that "[a] civil case is 'related' to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." E.D.N.Y. Local Bus. R. 50.3.1(a). However, "[a] civil case shall not be deemed 'related' to another civil case merely because the civil case (A) involves identical legal issues, or (B) involves the same parties." E.D.N.Y. Local Bus. R. 50.3.1(b). Finally, "this rule is adopted for the internal management of the case load of the court and shall not be deemed to vest any rights in litigants or their attorneys." E.D.N.Y. Local Bus. R. 50.3.1(f).

**Factors for the Court's Consideration**

Counsel for Plaintiffs filed three separate lawsuits, at different times over a sixteen-month period, on behalf of different Plaintiffs. Plaintiffs state that these actions are brought "against the same three Defendants" and "assert the same four causes of action" under the Anti-Terrorism Act (18 U.S.C. § 2331, *et seq*.) ("ATA"), as amended by the Justice Against Sponsors of Terrorism Act and, therefore, these commonalities are sufficient to remove these Actions from the random

assignment process. (Letter at 1). However, each case involves different Plaintiffs pleading unique facts that are alleged to have given rise to unique injuries. Moreover, each injury in each lawsuit is alleged to have occurred at different times and to have been committed by different tortfeasors. Perhaps most significantly, each individual injury will raise unique questions of fact regarding causation. Although Plaintiffs claim that the three cases "present almost entirely overlapping legal issues" regarding "the ATA's causation requirements," (*Id*. at 2), this observation ignores the fact that, should Plaintiffs' claims survive motions to dismiss, one of the central questions at any trial of these matters will be whether Plaintiffs can prove that any of the Defendants proximately caused their injuries, which, as noted above, are disparate in time, methodology, and perpetrators. This is especially so given that these injuries are alleged to have been inflicted by different individuals and organizations at different times.

Counsel for Plaintiffs filed the *Force* Action on June 10, 2020. The *Force* Action, as Plaintiffs note, is "traceable to 14 separate terrorist attacks." (Letter at 1). Those attacks are alleged to have occurred between June 12, 2014, and December 23, 2016 – a window of 18 months. (*Force*, ECF No. 1 ¶¶ 209, 321). These attacks range from stabbings (*e.g.*, *id.* ¶¶ 51, 58), to sniper attacks (*id.* ¶ 201), to a heart attack after witnessing a car ram into a bus stop (*id*. ¶¶ 311-16).

Six months later, Plaintiffs filed the *Przewozman* Action on December 15, 2020. Unlike the *Force* Action, the *Przewozman* Action alleges only one attack, on one date – May 5, 2019 – more than two years after the latest of the *Force* attacks with no apparent relation to *Force*. The attack in *Przewozman* was a "missile attack" as "part of a two-day bombing spree," unlike any of the attacks detailed in *Force*. (*Przewozman*, ECF No. 1 ¶ 327).

Sixteen months after they filed the *Force* Action, Plaintiffs filed the *Henkin* Action on October 13, 2021. The *Henkin* Action concerns two isolated attacks that occurred nearly three years apart – a shooting on October 1, 2015, and a stabbing September 16, 2018 – with the latter occurring years after the last attack in *Force*. (*Henkin*, ECF No. 1 ¶¶ 325, 346).

Accordingly, all three cases will require unique analyses as to the proximate cause of each attack and attachment of liability that may not be "sufficiently related to warrant non-random assignment." *Rite-Aid Corp. v. American Exp. Travel Related Services Co., Inc.*, No. CV 082315(JG)(JO), *et. al*, 2008 WL 3155063 at *2, 4 (E.D.N.Y. Aug. 4, 2008) (finding that "the factual differences between the instant cases" and those in the litigation previously assigned "significantly limit the advantage that" the Court "would have over other judges in deciding such issues as may come before us in these new cases."). Notwithstanding the fact that the complaints involve different attacks (allegedly perpetrated by different individuals, and in some instances different terrorist organizations, and separated temporally by years), thus raising significantly different factual and legal questions regarding causation, they concededly raise some similar legal issues. However, the Rule makes explicit that even "*identical* legal issues" would not alone mean that cases were sufficiently related to overcome the presumption of random assignment. E.D.N.Y. Local Bus. R. 50.3.1(b) (emphasis added). As this Court observed in the *Rite-Aid* decision, even a case alleging claims that share "legal issues" with another case will not be deemed sufficiently related to the other case to warrant non-random assignment where the "*facts* relevant to those claims … diverge significantly between the two sets of cases," because those facts "are inextricably intertwined with the legal analysis" of the claims. *Rite-Aid Corp.*, 2008 WL 3155063, at *3 (emphasis added). So too here.

Defendants further note that none of the Actions is more advanced than any of the others because, as Plaintiffs highlighted, service of summonses and complaints in the Actions was purportedly effectuated on Defendants QNB and MAR on the same day.[1] (Letter at 2). Accordingly, no "opportunity exists here" to assign the cases to a judge who has already invested time and effort and "attain[ed]" a "level of familiarity with the relevant facts and concepts," *Ride-Aid Corp.*, 2008 WL 3155063, at *4-5, which seems to be the implicit premise of the rule and its direction that related cases be assigned to the judge assigned the case with the lowest docket number.

Defendants appreciate that the Court's judicial determination of relatedness, and any subsequent reassignment, will be made "in the interest of justice and the efficient disposition of the business of the court," and we defer to the Court's judgment as to whether dispensing with random assignment is appropriate. In that regard, Defendants believe there are substantially different "facts and legal issues" that will need to be addressed in the various cases. Regardless of the Court's determination as to relatedness, Defendants vigorously contest all of Plaintiffs' allegations.

Respectfully submitted,

| /s/ Carolina A. Fornos | /s/ John M. Hillebrecht |
|---|---|
| PILLSBURY WINTHROP SHAW PITTMAN LLP | DLA PIPER LLP |
| 31 West 52nd Street | 1251 Avenue of the Americas |
| New York, NY 10019 | New York, NY 10020 |
| 212.858.1000 | 212.335.4500 |
| | |
| Carolina A. Fornos | John M. Hillebrecht |
| Aryeh L. Kaplan (*pro hac vice*) | Kevin Walsh |
| Markenzy Lapointe (*pro hac vice*) | |
| | *Counsel for Qatar Charity* |
| *Counsel for Defendant Masraf Al Rayan* | |

s/ Michael G. McGovern

ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036
212.596.9000

Michael G. McGovern
Douglas H. Hallward-Driemeier (*pro hac vice*)
Mary Brust

*Counsel for Qatar National Bank, Q.P.S.C.*

cc:   All parties of record (by ECF)

---

[1] Defendants have indicated their intent to challenge the effectiveness of this purported service. Service on Qatar Charity in two of the three Actions was also effectuated on the same day. (Letter at 2).