# EXHIBIT 5

[stamp:] Mustafa Faraj Marzouk
      Sworn Legal Translator - Ministry of Justice License No. (11)
      [Hebrew text]                   [stamp:] True Translation of the Original
      Tel: 08-2810512 – [Hebrew text] 059-9341558            [Hebrew text]
[signature]
*25/2/2017 A.D.*

The Military Court of the West Bank                          File No.: 6014/15
Before the Honorable Judge: Major Chaim Biliti

Military Public Prosecution
(Through its representative Captain Almaz Isso)

Against:
Defendant / Najwan Mohammed Iman Hassan Awda, ID No. /911606184/ - Prison Authority – present
(Through her attorney Boulis – present)

Shift Supervisor: Liza Bykov

Translator: Corporal We'am Tarif

Deliberation Date: Wednesday, 08/02/2017

**Transcript of the Deliberation Hearing**

The Court identified the Defendant.
The Defendant states that the attorney is Boulis.
The Public Prosecution: We have reached a guilty plea agreement within the framework of which the Defendant confesses to the amended indictment that I am submitting now, and the parties are requesting an agreed upon sentence.
The attorney: I confirm my colleague's statements.
**The Court explains to the parties that they are bound by the guilty plea agreement entered into between them.**
The attorney: I have explained the amended indictment to my client. She has understood it and confesses to it.
**The Court reads the amended indictment to the Defendant.**
The Defendant: The Court has read the charges leveled against me in the amended indictment. I have understood them and confess to them.

**The Conviction Decision**

Based upon the Defendant's confession, I hereby convict the Defendant of the charges leveled against her in the amended indictment, and they are:
**Membership and activities in an illegal organization** – a violation under Article 85(1)(a) of the Defense (Emergency) Regulations of 1945.
**Holding a job in an illegal organization** – a violation under Article 85(1)(a) of the Defense (Emergency) Regulations of 1945.

                                            _____
                                              The Judge

Date: 08/02/2017          Military Court in the West Bank          File No.: 6014/15

Before the Honorable Judge: Major Chaim Biliti

Military Public Prosecution

(Through its representative Captain Almaz Isso)

Against:

Defendant / Najwan Mohammed Iman Hassan Awda, ID No. /911606184/ - Prison Authority – present

(Through her attorney Boulis – present)

## The Court's Decision

The Defendant was convicted based upon her confession, with the framework of the guilty plea agreement, that she was a member of the Qatar Charity organization, an illegal organization, starting in May of 2010 and until her detention in September of 2015. Within the framework of her membership, the Defendant was responsible for the logistics field at the Organization, and she worked under the Organization's director in Ramallah. During that period, the Organization's branch in Ramallah received funds in the millions of dollars. During that period and between 2011 and 2013, the Defendant was also the Logistics Officer for the Organization in Gaza, and during that period about 25 million dollars were transferred to the Gaza branch.

The parties presented to me the guilty plea agreement within the framework of which they are asking that I sentence the Defendant to an agreed upon punishment of 18 months of actual imprisonment, of imprisonment with suspended enforcement as the Court deems appropriate, as well as a monetary fine of 100,000 shekels or [missing] months of imprisonment instead thereof as the Court deems appropriate.

The parties to the agreement pointed to the Defendant's clean record, her confession to the crime, and the conservation of court time. The Public Prosecution added that it studied the duration of the Defendant's membership in the Organizations and the positions she held therein within that framework. Defense counsel stated that the discussion pertains to a reasonable and balanced sentence, referenced the Defendant's previous claims, and explained that she had waived them within the framework of the agreement and the publicity of the Organization's activities. He added that the authorities in Israel and in the region had not taken any action against these activities.

The procedures in this file began by hearing statements and examining the previous claims. The case pending before the Court in this instance is known. Moreover, in this instance, two defendants were presented to me in the same case, regarding both of whom a sealed guilty plea was also formulated. Without delving into or adjudicating the nature of the claims, I have found that the balance achieved by the parties is appropriate in light of the subject matter, and that it constitutes a sound balance between the duration of membership and its quality in light of the nature and crux of the Organization, as well as the considerations related to the Defendant, which defense counsel has expounded upon. I have also found that the Defendant's position at the Organization is embodied in the blend of the sentence that has crystalized, all the while confirming the principle of standardizing punishment and punishing the others involved. I believe that the Defendant's issue is actually more serious in light of her position, but that the issue is embodied in all of the components agreed upon in the subject matter of the sentence.

Accordingly, I hereby sentence the Defendant to the following:

a- 18 months of actual imprisonment as of the date of her detention.

b- 12 months of imprisonment with conditional suspended enforcement for a period of five years from the date of her release, provided that the Defendant does not commit the violation for which she was convicted in this file or a violation whose subject matter entails bringing in funds.

c- A monetary fine of 100,000 shekels or 18 months of imprisonment instead thereof, with the fine to be paid until the Defendant is released from prison and as a condition thereof. Bond No.: 0000649816.

To eliminate doubt, discussion of the request pertaining to the interrogation article was abandoned, and it enabled cancellation of the discussion in the system.

Right to file an appeal within 30 days.

Issued and pronounced publicly on 08/02/2017 in the presence of the parties.

_____

[stamp:] Mustafa Faraj Marzouk                          The Judge

Sworn Legal Translator - Ministry of Justice License No. (11)

[Hebrew text]                              [stamp:] True Translation of the Original

Tel: 08-2810512 – [Hebrew text] 059-9341558          [Hebrew text]

[signature]

*25/2/2017 A.D.*

[Hebrew text]

*Military Court*
[Hebrew text]

*Najwan Mohammed Iman Hassan Awda*

[Hebrew text]
*The Conviction Decision*

[Hebrew text]

1

[Hebrew text]

*Military Court*
[Hebrew text]

*Najwan Mohammed Iman Hassan Awda*

[Hebrew text]
*The Court's Decision*

[Hebrew text]

3



# CERTIFICATION

TransPerfect is globally certified under the standards ISO 9001:2015, ISO 17100:2015, and ISO 18587:2017. This Translation Certificate confirms the included documents have been completed in conformance with the Quality Management System documented in its ISO process maps and are, to the best knowledge and belief of all TransPerfect employees engaged on the project, full and accurate translations of the source material.

| | |
|---|---|
| File Name(s): | Transcript of the Deliberation Hearing, Military Public Prosecution v. Najwan Mohammed Iman Hassan Awda |
| Source Language(s) | Arabic |
| Target Language(s) | English |

Authorized Signature:

Signature, Notary Public:

Name:     Jacqueline Yorke

Title:      Project Manager

Date:      April 7, 2022

WENDY POON
STATE
OF NEW YORK
NOTARY PUBLIC
Qualified in
Queens County
01PO6356754
MY COMMISSION EXPIRES 04-03-2025

Stamp: Notary Public

## LANGUAGE AND TECHNOLOGY SOLUTIONS FOR GLOBAL BUSINESS

الترجمة مطابقة للأصل
الترجوم نامن لمقره

ملف رقم: 6014/15

المحكمة العسكرية في الضفة الغربية
أمام حضرة القاضي: الرائد حييم بليطي

النيابة العسكرية
(بواسطة وكيلها النقيب ألماز آيسو)

ضد:
المُتَّهمة/ نجوان مُحد أيمن حسن عودة، ها/911606184/ مصلحة السجون — حاضرة
(بواسطة وكيلها المحامي بولص —حاضر)

رئيسة الوردية: ليزة بيكوف

المترجم: العريف ونام طريف

تاريخ المداولة: يوم الأربعاء 08 /2017/02

<u>سير جلسة المداولة</u>

شخصت المحكمة المتهمة.
تصرح المتهمة أن المحامي بولص.
النيابة العسكرية: وصلنا إلى اتفاق إقرار بالذنب، في إطاره تعترف المتهمة بلائحة الاتهام المعدلة الذي
أقدمه الآن ويطالب الأطراف بعقوبة متفق عليها.
المحامي: أؤكد كلام زميلي.
**توضح المحكمة للأطراف أنها مقيدة باتفاق الإقرار بالذنب الذي انعقد بينهم.**
المحامي: شرحت لموكلتي لائحة الاتهام المعدلة، وهي فهمتها وتعترف بها.
**المحكمة تُقرئ للمتهمة لائحة الاتهام المعدلة.**
المتهمة: المحكمة تُقرئ لي المنسوب إليَّ في لائحة الاتهام المعدلة، وقد فهمتها وأعترف بها.
**قرار الإدانة**
استنادًا إلى الاعتراف بالتهمة فإنني أدين المتهمة بما هو منسوب إليها في لائحة الاتهام المعدلة، أي:
**العضوية والنشاطات في منظمة غير شرعية** — مخالفة بموجب المادة 85(1) (أ) من لوائح الدفاع (حالة
طوارئ) 1945.
**تولي وظيفة في منظمة غير شرعية** - مخالفة بموجب المادة 85(1) (أ) من لوائح الدفاع (حالة طوارئ)
1945.

القاضي

التاريخ: 2017/02/08     المحكمة العسكرية في الضفة الغربية     ملف رقم: 6014/15

أمام حضرة القاضي: الرائد حييم بليطي

النيابة العسكرية

(بواسطة وكيلها النقيب ألماز آيسو)

ضد:

المُتَّهَمَة/ نجوان محمد محمد أيمن حسن عودة، هـ/911606184/ مصلحة السجون – حاضرة

(بواسطة وكيلها المحامي بولص –حاضر).

## قرار الحكم

أدينت المتهمة بناءً على اعترافها في إطار اتفاق إقرار بالذنب، بأنها كانت عضو في منظمة جمعية قطر الخيرية التي هي منظمة غير مشروعة، بدءًا من شهر مايو 2010 وحتى اعتقالها في شهر سبتمبر 2015. في إطار عضويتها كانت المتهمة مسئولة عن المجال اللوجستي في المنظمة وعملت تحت مدير المنظمة في رام الله. في تلك الفترة تلقى فرع المنظمة في رام الله مبالغ مالية بملايين الدولارات. في هذه الفترة وبين سنة 2011 وسنة 2013 كانت المتهمة أيضا مسئولة لوجستية للمنظمة في غزة وفي هذه الفترة حُوِّل مبلغ مالي إلى فرع غزة بحوالي 25 مليون دولار.

عرضت الأطراف أمامي اتفاق إقرار بالذنب الذي في إطاره يطلبون بأن أفرض على المتهمة عقوبة متفق عليها 18 شهرًا بالحبس الفعلي، وحبس مع وقف التنفيذ حسب ما تراه المحكمة وكذلك غرامة مالية بمبلغ 100,000₪ أو أشهر حبس بدلاً منها حسب ما تراه المحكمة. وأضافت النيابة علل الأطراف الاتفاق بالماضي النظيف للمتهمة، واعترافها بالتهمة وتوفير الوقت القضائي. وذكر الدفاع أن الحديث أنها درست مدة عضويتها في المنظمة ومنصبها التي شغلته المتهمة في هذا الإطار. وذكر الدفاع أن الحديث يدور حول عقاب معقول ومتزن وذكرت ادعاءاتها المسبقة، التي تنازلت عنها في إطار الاتفاق وعلنية نشاطات المنظمة أمام الادعاء بأنه لم تُتخذ أي خطوات من جانب السلطات في إسرائيل وفي المنطقة ضد هذه النشاطات. القضية التي وقفت الإجراءات في هذا الملف بدأت تدار عن طريق سماع بينات وعرض الادعاءات المسبقة. القضية التي وقفت أمام المحكمة في هذه الحالة معروفة وفي هذه الحالة قُدم إليّ منهمان في نفس القضية التي أيضًا في موضوعهما نُسج اتفاق إقرار بالذنب مغلق. دون الدخول أو الحسم في طبيعة الادعاءات وجدت أن التوازن الذي أجرته الأطراف إلى جانب الاعتبارات المتعلقة بالمتهمة، التي توسع الدفاع بشرحها. ووجدت أيضًا أن منصب المتهمة الجمعية إلى جانب الاعتبارات المتعلقة بالمتهمة، التي توسع الدفاع بشرحها. ووجدت أيضًا أن منصب المتهمة في المنظمة يتجسد في مزيج العقوبة التي تبلورت مع التأكيد على مبدأ توحيد العقوبة وعقوبة المتورطين الآخرين. اعتقدت أن موضوع المتهمة بالفعل أخطر نظرًا لمنصبها، لكن الأمر يتجسد في كافة المكونات المتفق عليها لموضوع العقوبة.

وعليه فإنني أحكم على المتهمة العقوبات التالية:

أ. 18 شهرًا حبسًا فعليًا من يوم اعتقالها.

ب. 12 شهرًا بالحبس مع وقف التنفيذ مشروط لمدة خمس سنوات من يوم الإفراج عنها بألا ترتكب المتهمة مخالفة أدينت بها في هذا الملف أو مخالفة موضوعها إدخال أموال.

ج. غرامة مالية بمبلغ 100,000₪ أو 18 شهر حبس بدلاً منها. تُدفع الغرامة حتى موعد الإفراج عن المتهمة من الحبس وشرطًا له. رقم السند:0000649816

لإزالة الشك النقاش في الطلب لمادة التحقيق تُرك وأمكن إلغاء النقاش في النظام.

حق الاستئناف خلال 30 يومًا.

صدر وأعلن اليوم 2017/02/08 علنًا وبحضور الأطراف.

القاضي

الترجمة مطابقة للأصل
התרגום נאמן למקור

צבא ההגנה לישראל



الح ايكر ع

תיק מס׳: 6014/15

בית המשפט הצבאי ביהודה

בפני כב׳ השופט: רס״ן חיים בליטי                                      1
                                                                      2
התביעה הצבאית                                                         3
(באמצעות ב״כ סרן אלמז אייסו )                                         4
                                                                      5
נגد شولی دغ ایم حسم کولہ                                              6
הנאשמת: נג'אן מוחמד אימן חסן עודה, 911606184/ שב״ס - נוכחת          7
(באמצעות ב״כ עו״ד בולוס- נוכח)                                        8
                                                                      9
רמ״שית: טור/ ליזה ביקוב                                             10
מתורגמן: רב״ט ויאם טריף                                             11
                                                                     12
תאריך הדיון :08/02/17, יום רביעי י״ב שבט תשע״ז                      13
**מהלך הדיון**                                                      14
                                                                     15
ביהמ״ש מזהה את הנאשמת.                                              16
הנאשמת מצהירה כי מייצג אותה עו״ד בולוס .                           17
                                                                     18
תוב״צ: הגענו להסדר טיעון, במסגרתו הנאשמת תודה בכתב האישום המתוקן אותו אגיש כעת    19
והצדדים יטענו לעונש מוסכם.                                           20
                                                                     21
סנגור: אני מאשר את דברי חברי.                                      22
                                                                     23
ביהמ״ש מבהיר לצדדים כי אינו כבול להסדר הטיעון שנקשר ביניהם.          24
                                                                     25
סנגור: הסברתי למרשתי את כתב האישום המתוקן, היא הבינה אותו ומודה בו.  26
                                                                     27
ביהמ״ש מקריא לנאשמת את כתב האישום המתוקן.                           28
                                                                     29
נאשמת: ביהמ״ש הקריא לי את המיוחס לי בכתב האישום המתוקן, הבנתי אותו ואני מודה בו.  30

    جمع الودی

**הכרעת-דין**                                                       31
                                                                     32
על יסוד ההודאה באשמה, אני מרשיע את הנאשמת במיוחס לה בכתב האישום המתוקן, דהיינו :   33
                                                                     34
                                                                     35
חברות ופעילות בהתאחדות בלתי מותרת – עבירה לפי סעיף 85(1) (א) לתקנות ההגנה (שעת    36
חירום), 1945.                                                       37
נשיאת משרה בהתאחדות בלתי מותרת – עבירה לפי סעיף 85(1) (א) לתקנות ההגנה (שעת        38
חירום), 1945.                                                      39
                                                                     40
שופט                                                                41

1

| תיק מס׳: 6014/15 | בית המשפט הצבאי ביהודה | תאריך: 08/02/17 |

בפני כב׳ השופט: רס״ן חיים בלילטי

**התביעה הצבאית**

(באמצעות ב״כ סרן אלמז אייסו)

**נגד**

הנאשמת: נגואן מוחמד אימן חסן עודה, 911606184/ שב״ס - נוכחת

(באמצעות ב״כ עו״ד בולוס- נוכח)

**ג ז ר - ד י ן**

הנאשמת הורשעה על פי הודאתה במסגרת הסדר טיעון, בכך שהייתה חברה בארגון ג׳מעית קטאר אל חיירייה שהינה התאחדות בלתי מותרת, החל מחודש מאי 2010 ועד למעצרה בחודש ספטמבר 2015. במסגרת חברותם שמשה הנאשמת אחראית על תחום הלוגיסטיקה בארגון ועבדה תחת מנהל הארגון ברמאללה. באותה תקופה קיבל סניף הארגון ברמאללה סכומי כסף של מיליוני דולרים. בתוך תקופה זו ובין שנת 2011 לשנת 2013 שמשה הנאשמת גם כאחראית לוגיסטיקה של הארגון בעזה ובתקופה זו הועבר סכום כסף לסניף בעזה בהיקף של 25 מיליון דולרים.

הצדדים הציגו בפני הסדר טיעון אשר במסגרתו מבקשים שאשית על הנאשמת עונש מוסכם של 18 חודשי מאסר לריצוי בפועל, מאסר מותנה לשיקול דעת ביהמ״ש וכן קנס בסך 100,000₪ או חודשי מאסר תמורתו לשיקול דעת ביהמ״ש.

הצדדים נימקו את ההסדר בעברה הנקי של הנאשמת, הודאתה באשמה והחיסכון בזמן שיפוטי. התביעה הוסיפה כי שקלה את משך החברות בארגון ואת התפקיד שמילאה הנאשמת במסגרת זו. ההגנה ציינה כי מדובר בעונש סביר ומאזן נכונה בין משך החברות, טיבה אל מול אופי ומהות הארגון לצד שיקולים הקשורים בנאשמת, עליהם הרחיב הסנגור. עוד מצאתי כי תפקידה של הנאשמת בארגון מוצא ביטוי בתמהיל העונשי שנגבש ובשים לב לעיקרון אחידות העונישה ועונשם של מעורבים נוספים. סברתי כי עניינו של הנאשמת אכן חמור יותר לאור תפקידה, אך הדבר מוצא ביטוי בכלל הרכיבים המוסכמים לעניין עונשה.

הליכים בתיק זה החלו להתנהל בדרך של שמיעת ראיות והצגת טענות מקדמיות. הסוגיה שעמדה לפתחו של ביהמ״ש במסגרת זה ידועה ובמקרה זה הובאו בפניי שני נאשמים באותה פרשה אשר גם בעניינם נרקם הסדר טיעון סגור. מבלי להיכנס או להכריע בטבעו של הטענות מצאתי כי האיזון אותו ערכו הצדדים ראוי בנסיבות העניין ומאזן נכונה בין משך החברות, טיבה אל מול אופי ומהות הארגון לצד שיקולים הקשורים בנאשמת, עליהם הרחיב הסנגור. עוד מצאתי כי תפקידה של הנאשמת בארגון מוצא ביטוי בתמהיל העונשי שנגבש ובשים לב לעיקרון אחידות העונישה ועונשם של מעורבים נוספים. סברתי כי עניינו של הנאשמת אכן חמור יותר לאור תפקידה, אך הדבר מוצא ביטוי בכלל הרכיבים המוסכמים לעניין עונשה.

על כן, אני גוזר על הנאשמת את העונשים הבאים:

א.   18 חודשי מאסר לריצוי בפועל מיום מעצרה.

ב.   12 חודשי מאסר על תנאי והתנאי הוא שבמשך 5 שנים מיום שחרורה לא תעבור הנאשמת עבירה בה הורשעה בתיק זה או עבירה שעניינה הכנסת כספים.

ג.   קנס כספי בסך 100,000₪ או 18 חודשי מאסר תמורתו. הקנס ישולם עד למועד שחרורה של הנאשמת מן המאסר וכתנאי לו. מס׳ שובר:0000649816.

למען הסר ספק הדיון בבקשה לחומר חקירה בתיק התייתר וניתן לבטל את הדיון במערכת.

**זכות ערעור תוך 30 יום.**

**ניתן והודע היום, 08/02/17, בפומבי ובמעמד הצדדים.**

שופט

3